**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

TORREY TREMAYNE GROSS,

                Plaintiff,

v.                                                Case No. 07-12117

JOHN McDONALD, LEO BOWMAN,
DONNA PENDERGRASS, RICHARD THOMPSON,
DAVID GORCYCA[1], JOHN PETRAVESA,
CHARLES BRADDOCK, JAMES BARTHOLOMEW,
and MDOC PAROLE BOARD,

                Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT AND
DECLINING TO CERTIFY AN APPEAL *IN FORMA PAUPERIS***

**I. INTRODUCTION**

Plaintiff Torrey Tremayne Gross is a state prisoner at the Hiawatha Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* complaint for money damages and restoration of civil rights under 42 U.S.C. § 1983. The defendants named in the form complaint are (1) state circuit court judge John McDonald, (2) state district court judge Leo Bowman, (3) Oakland County prosecuting attorneys Donna Pendergrass, Richard Thompson, David Gorcyca, and John Petravesa, (4) the Michigan Parole Board and (5) parole board members Charles Braddock and James Bartholomew. In a brief attached to the complaint, Plaintiff also names as defendants (1) the City of Pontiac, Michigan, (2) Oakland County, Michigan, (3) probation officer Pamela Dikeman and (4)

_____

[1]Plaintiff spelled this Defendant's surname as "Gorcica." The Court has corrected the caption, having taken judicial notice that the correct spelling is "Gorcyca."

the following unidentified individuals, whom the Court believes may be past or present members of the Michigan Parole Board: William Reed, Stephen Marschke, William Slaughter, Miguel Berrious, George Lellis, Barbara Sampson, Artina Hardman and Enid Livingston. The court will assume that Plaintiff intended to sue the entities and individuals named in both his form complaint and his brief. He has sued Judge McDonald in his personal and official capacities, but the remaining defendants are sued in their official capacity.

The complaint alleges that, on February 10, 1997, probation agent Pamela Dikeman interviewed Plaintiff at the Oakland County Jail. Dikeman subsequently prepared a pre-sentence report, which Plaintiff challenged in part at his sentencing. The sentencing judge allegedly stated that the incorrect information should be omitted from the report. Plaintiff, however, contends that no action was taken to remove the incorrect information from the presentence report and that he is being denied parole on the basis of the inaccurate information.

## II. DISCUSSION

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## A. The Judges and Prosecutors

Judges enjoy absolute immunity from liability for actions taken in their judicial capacity in matters over which they have jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Prosecutors enjoy immunity from damages liability for acts "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Furthermore, the facts as alleged fail to demonstrate that the judges and prosecutors named as defendants were responsible for correcting the information in Plaintiff's pre-sentence report. Thus, the court will dismiss from this action Judges John McDonald and Leo Bowman and prosecuting attorneys Donna Pendergrass, Richard Thompson, David Gorcyca and John Petravesa.

## B. The Michigan Parole Board and Parole Board Members

The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir.1993). State officials sued in their official capacity also enjoy immunity from damages under the Eleventh Amendment, *Will*, 491 U.S. at 71, and "parole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers." *Walter v. Torres,* 917 F.2d 1379, 1384 (5th Cir.1990). For these reasons, the court will dismiss from this action the Michigan Parole Board, Charles Braddock, James Bartholomew, William Reed, Stephen Marschke, William Slaughter, Miguel Berrious, George Lellis, Barbara Sampson, Artina Hardman and Enid Livingston.

Although state officials may be sued in their official capacity for injunctive relief, *Will*, 491 U.S. at 71, n.1, Plaintiff seeks only money damages in his supporting brief. The form complaint asks for "restoration of my constitutional and civil rights," but Plaintiff has not stated what he means by that phrase. To the extent that he seeks release on parole, his complaint is not the proper mechanism for such a request. *Preiser v. Rodriguez*, 411 U.S. 475, 499, n.14 (1973). A civil rights plaintiff has no right to relief from the decision to hold him in custody unless the decision has been invalidated by state officials or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *Heck* and related Supreme Court cases, when "taken together, indicate that a state prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

*Heck* "applies to proceedings that call into question the fact or duration of parole or probation," *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (citing *Jackson v. Vannoy*, 49 F.3d 175 (5th Cir. 1995)), and success in this action would necessarily demonstrate the invalidity of the Parole Board's decision. *Williams v. Consovoy,* 453 F.3d 173, 177 (3d Cir. 2006). Because the Parole Board's decision has not been rendered invalid, Plaintiff may not attack it in a Section 1983 action. *Id*.

### C. County and Municipal Liability

The Eleventh Amendment does not apply to counties, *Northern Ins. Co. of N.Y.*

*v. Chatham County, Ga.*, 547 U.S. 189, __, 126 S. Ct. 1689, 1693 (2006), or to municipalities, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However,

> county liability is limited to situations in which the deprivation of constitutional rights results from an official policy or custom of the county. The mandate of *Monell* and its progeny requires (1) that a municipality be held liable only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury, *Monell*, 436 U.S. at 694, and (2) that there be an 'affirmative link between the policy and the particular constitutional violation alleged,' *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

*Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007). Plaintiff alleges that the defendants have established a pattern, practice, policy or custom of deliberate indifference, but he has not shown an affirmative link between a specific county or municipal policy and the failure to correct his presentence report. Although Plaintiff relies on the doctrine of *respondeat superior*, or vicarious liability, the doctrine is not a basis for relief under Section 1983. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95). Thus, Defendants City of Pontiac, Michigan and Oakland County, must be dismissed from this lawsuit.

### D. The Probation Officer

The remaining defendant is probation officer Pamela Dikeman, who allegedly included incorrect information in Plaintiff's presentence report. "[I]ndividuals who perform investigative or evaluative functions at a governmental adjudicative entity's request to assist that entity in its decisionmaking process are entitled to absolute immunity." *Williams*, 453 F.3d at 178. In preparing and furnishing presentence reports, probation officers are entitled to absolute immunity from suits for damages, and they

5

cannot be enjoined to omit any information in their presentence reports. *Hili v. Sciarrotta*, 140 F.3d 210, 214, 216 (2d Cir. 1998). "[T]he mere presence of hearsay or inaccurate information in a [presentence information report] does not constitute a denial of due process." *Id*. at 216.

### E. All Defendants

In sum, Plaintiff's action lacks an arguable basis under law. The complaint is frivolous, fails to state a claim and names parties who are immune from suit. Accordingly, the court will dismiss Plaintiff's complaint.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's complaint [Dkt # 1] is DISMISSED.

For the reasons stated in this order, the court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. See Fed. R. Civ. P. 24(a)(5).

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 21, 2007, by electronic and/or ordinary mail.

                                              S/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522